IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED
12/27/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| DAVID JONES,<br><br>Plaintiff,<br><br>vs.<br><br>MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | No. CV-19-59-BU-SEH<br><br>ORDER |

Defendant MESA Underwriters Specialty Insurance Company removed this action by Notice of Removal filed December 2, 2019.[1] However, jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction.[2] The "strong presumption" against removal jurisdiction requires that a defendant carry the burden of showing removal is proper.[3] Federal jurisdiction must be rejected if

---

[1] Doc. 1.

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[3] *Id.*

there is any doubt as to the right of removal in the first instance.[4]

Defendant's Notice of Removal asserts federal jurisdiction under 28 U.S.C. §§ 1332 and 1441.[5] 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

The Notice of Removal states that "Plaintiff . . . was alleged to be the owner of a piece of commercial property located in Silver Bow County, State of Montana."[6] Plaintiff's citizenship is not alleged. Diversity of citizenship is not pleaded. It is thus impossible for the Court to determine whether sufficient diversity exists to confer jurisdiction.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the courts own initiative, at any stage in the litigation, even after the trial and judgment entry.[7]

---

[4] *Id.*

[5] *See* Doc. 1 at ¶ 5.

[6] Doc. 1 at ¶ 3.

[7] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

This case will be remanded to state court on January 10, 2020, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 27th day of December, 2019.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Court